Ms. Twana Porter, Administrator Office of Personnel Management Department of Finance and Administration 1509 W. 7th, Suite 201 P.O. Box 3278 Little Rock, AR 72203-3278
Dear Ms. Porter:
You have requested an Attorney General opinion, pursuant to A.C.A. §25-19-105(c)(3)(B), concerning the release of certain records under the Freedom of Information Act (FOIA) (A.C.A. § 25-19-101 through -107).
Your office has received a request for "a copy of decision regarding employment and termination" of a particular Department of Human Services employee. The request asked for "copies of decisions by the original hearing officer in the case, the State Employment Grievance and Appeal Panel and Department of Finance and Administration Director Richard Weiss."
As custodian of the records, you have determined that the records should not be released because in your view they do not contain information in which there is a compelling public interest. You have provided me with copies of the records that are responsive to the request.
I am directed by law to issue an opinion as to whether your determination, as the custodian of the records, regarding the release of the requested records is consistent with the FOIA. A.C.A. §25-19-105(c)(3)(B).
RESPONSE
It is my opinion that the result of your decision is correct. That is, I agree that the records should not be released; however, my conclusion that the records should not be released is founded on a different basis than the one you have cited. In my opinion, as explained more fully below, the records should not be released because the first condition for their release has not been satisfied.
The records that have been requested are all related to a grievance proceeding. Such records, in my opinion, constitute "employee evaluation/job performance records," within the meaning of the FOIA. Although the FOIA does not define the term "employee evaluation/job performance records," nor has the term been construed judicially, this office has consistently taken the general position that any records relating to an employee's performance or lack of performance on the job are properly classified as "employee evaluation/job performance records" under the FOIA. See, e.g., Ops. Att'y Gen. Nos. 2001-145; 96-132; 91-324. All of the records that you have provided for my review fit this description and are therefore properly classified as "employee evaluation/job performance records."
Under the FOIA, "employee evaluation/job performance records" are releasable only if the following three conditions have been met:
 (1) There has been a final administrative resolution of any suspension or termination proceeding;
 (2) The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee; and
 (3) There is a compelling public interest in the disclosure of the records in question.
A.C.A. § 25-19-105(c)(1).
The underlying assumption of the above-cited three-part test is that the outcome of the "final administrative resolution" of the suspension or termination in question is an affirmance of the suspension or termination. In the case under consideration, the outcome of the final administrative resolution of the termination in question was a reversal of the termination. The case is treated as though the termination never occurred. Therefore, the first condition for the release of this individual's employee evaluation/job performance records has not been satisfied. Accordingly, it is not necessary to reach the question of whether those records contain information in which there is a compelling public interest. For these reasons, I conclude that the records should not be released. Accord, Ops. Att'y Gen. Nos. 2000-224; 97-176; 97-063; Watkins, The Arkansas Freedom of Information Act (3rd Ed. 1998) at 144.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General